IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JENNY GARCIA GONZALEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 24-2096-JWL |
| ) | |
| **FRANK BISIGNANO,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 19) (Pl. Mot. and Brief) pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED IN PART, approving a fee in the amount of $14,489.00 pursuant to the Social Security Act.

**I.      Background**

Plaintiff filed a Complaint in this court on March 16, 2024, seeking judicial review of a decision of the Commissioner of the Social Security Administration.    (Doc 1). After briefing, the court found error in the Commissioner's decision below and entered judgment remanding the case for further proceedings.    (Docs. 15, 16).    The court granted Plaintiff's unopposed motion for attorney fees pursuant to the Equal Access to

Justice Act (EAJA) on March 3, 2025, granting fees in the amount of $5,500.00. (Doc. 18). On remand, the Commissioner apparently issued a fully favorable decision and on December 9, 2025, issued a "Notice of Award." (Pl. Mot., Attach. 1). The SSA noted that it usually withholds "25 percent of past due benefits" and that it withheld $14,489.00 from Plaintiff's past due benefits. Id. Attach. 1, p.2. Plaintiff now seeks award of attorney fees of $15,044.22 pursuant to § 206(b) of the Social Security Act. Id. p. 2; 42 U.S.C. § 406(b).

## II.     Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment <u>a reasonable fee</u> for such representation, <u>not in excess of 25 percent</u> of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,   . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

2

The Supreme Court, in <u>Gisbrect</u> determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between Plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness. <u>Gisbrecht</u>, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. <u>Id.</u> 535 U.S. at 808. The Court noted that the comparison of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. <u>Id.</u>

The Tenth Circuit has explained the procedure used in applying <u>Gisbrecht</u>. <u>Gordon v. Astrue</u>, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'" <u>Id.</u> at 935 (quoting <u>Gisbrecht</u>, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing § 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

3

Gordon, 361 F. App'x 935 (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases."). The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw 450 F.3d 493 at 505, and will reverse only if the district court's decision is 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'" Id., 361 F. App'x at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

This court recently approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of almost $263.00; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); see also, Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021) (an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82); Morris v. Kijakazi, Civ. A. No. 19-1133-JWL, 2021 WL 5769365 (D. Kan. Dec. 6, 2021) (hourly rate of $410.57); Rogers v. Saul, Civ. A. No. 19-1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022) (hourly rate of $2,265.39 and an equivalent hourly rate $809.07); Schlein v. Kijakazi, Civ. A. No.

4

21-1180-JWL, 2023 WL 5952025 (D. Kan. Sept. 13, 2023) (at an hourly rate of $703.80 resulting in an equivalent hourly rate of $251.36); Firment v. O'Malley, Civ. A. No. 22-1220-JWL, 2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and equivalent hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL, 2024 WL 52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly rate of $502.62).

### III. Discussion

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits.   He included a copy of the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25 percent of past due benefits.   (Pl. Mot., Attach. 2).   Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 25.533 hours expended.   Id., Attach. 3.   An award of 25 percent of past due benefits ($14,489.00) would result in an hourly rate of $555.71 and an effective hourly rate in a noncontingent case of $198.47.   Counsel argues that the skill, competence, expertise, and experience of him and his firm produced a excellent result in this case and support awarding the full 25% of past due benefits.   Id., passim.

The Commissioner submitted a response to Plaintiff's Motion asserting that he "neither supports nor opposes counsel's request for attorney's fees in the amount of $15,044.22."   (Doc. 20, p.1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings.   Plaintiff has met her burden to

prove that award of the full 25 percent of past due benefits is reasonable in the circumstances present here. The court notes that counsel achieved a good result for Plaintiff in this case. The court recognizes that the contingent nature of the fee justifies a fee award in Social Security cases when the claimant prevails which is higher than normal hourly rates charged by attorneys in other matters in order to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded. This is particularly true due to the deferential standard applicable in Social Security cases, <u>Biestek v. Berryhill</u>, 139 S. Ct. 1148, at 1154, 1157 (2019), and this court's strict adherence to that standard.

Both the Commissioner and Plaintiff's counsel remind the court that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee in this case was $5,500.00 and must be refunded to Plaintiff as the smaller fee.

The court addresses some issues of concern to the court in this matter. In his Notice of Award the Commissioner noted he usually withholds 25 percent of the claimant's past due benefits, and stated that he withheld $14,489.00 from Plaintiff's past due benefits to pay her lawyer. Plaintiff acknowledges the Commissioner withheld $14,489.00 but claims past due benefits amounted to $60,176.90 and seeks a fee award of 25 percent of that amount—$15,044.22.

With exceedingly rare exception, the court's experience has been that the Social Security Administration has withheld 25 percent of a claimant's past due benefits to pay attorney fees. Plaintiff cited the Notice of Award for the proposition that past due

benefits in this case totals $60,176.90, but the Notice of Award does not state Plaintiff's total past due benefits. Moreover, counsel does not show his computation of past due benefits and does not support it with the date of the ALJ's decision or the Social Security Regulations for making payments from which information respecting computation of benefits might be accurately determined. The court is also concerned that counsel for the Commissioner stated neither support nor opposition for a total fee in the amount of $15,044.22 without identifying the discrepancy and explaining the basis for assuming the Commissioner did not withhold 25 percent of past due benefits. Lacking the necessary information from either counsel, the court determines that the Commissioner's withholding ($14,489.00) must be accepted as 25 percent of past due benefits. The court finds that 25% of past due benefits, or $14,489.00, is a reasonable fee in the circumstances of this case.

Finally, without any objection from the Commissioner, the court finds that the fee award of $14,489.00 might be reduced by the $5,500.00 attorney fee previously awarded and the Commissioner shall pay counsel $8,989.00 from past due benefits withheld and return $5,500.00 to Plaintiff in lieu of the refund of the EAJA fee.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $14,489.00 of which the Commissioner shall provide $8,989.00 to Plaintiff's counsel from the past due benefits withheld and return the remaining $5,500.00 of past due benefits withheld to the Plaintiff in lieu of the refund of EAJA fees received.

**IT IS SO ORDERED**.

Dated February 4, 2026, at Kansas City, Kansas.

s:/   John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
